## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON PRYDE, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>ORRSTOWN BANK,<br><br>        Defendant. | CIVIL ACTION<br><br>No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331 and 1441, Defendant Orrstown Bank (Orrstown) hereby files this Notice of Removal of the above-named action from the Court of Common Pleas of Dauphin County, Pennsylvania, to the United States District Court for the Middle District of Pennsylvania. In further support of this Notice of Removal, Orrstown states as follows:

## BACKGROUND AND PROCEDURAL HISTORY

1.  On March 6, 2025, plaintiff Aaron Pryde initiated this action by filing a complaint against Orrstown in the Court of Common Pleas of Dauphin County, Pennsylvania, which was styled *Aaron Pryde v. Orrstown Bank*, Docket No. 2025-CV-01941 (the Complaint). A true and correct copy of the Complaint is attached hereto as Exhibit A.

2.      Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all documents filed in the Court of Common Pleas of Dauphin County, Pennsylvania subsequent to the filing of the Complaint are attached hereto as Exhibit B.

3.      Orrstown has not answered, moved, or otherwise responded to the Complaint.

4.      In the Complaint, Plaintiff asserts class action claims against Orrstown for unjust enrichment and alleged violations of the Electronic Fund Transfer Act (EFTA), 15 U.S.C. § 1693, *et seq*., Regulation E, 12 C.F.R. § 1005, *et seq*. and Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 202-1. *See generally* Exhibit A, Complaint, Cause of Action One; Cause of Action Two; Cause of Action Three.

5.      Plaintiff bases those claims on Orrstown's alleged failure to notify its customers of its overdraft fee practices. *Id*., ¶ 2.

6.      Plaintiff further alleges Orrstown uses an overdraft fee opt-in disclosure agreement which contains language that misleads its customers on when they can be expected to be assessed overdraft fees. *Id*., ¶¶ 4–6, 59–63.

7.      Plaintiff alleges to have sustained, *inter alia*, improper overdraft fees as well as purportedly remains at risk of improper fees in the future as a direct and proximate result of Orrstown's supposed conduct. *Id*., ¶ 91.

8.    Plaintiff seeks statutory damages, actual damages, treble damages, pre- and post-judgment interest, injunctive relief plus costs and reasonable attorney's fees.  *Id*., Request for Relief.

## PARTIES

9.    Plaintiff is a citizen of the State of Arizona.  *Id*., ¶ 7.

10.    Orrstown is a bank organized under the laws of the Commonwealth of Pennsylvania with its principal place of business in the Commonwealth of Pennsylvania.

## TIMELINESS OF REMOVAL

11.    Plaintiff filed his Complaint on March 6, 2025.

12.    Plaintiff served Orrstown with a copy of the Complaint on or about March 14, 2025.

13.    Orrstown filed this Notice of Removal within thirty (30) days of the date it received a copy of the Complaint.

14.    Thus, this notice is timely pursuant to 28 U.S.C. § 1446(b).

## BASIS FOR REMOVAL JURISDICTION

15.    Removal is appropriate under 28 U.S.C. § 1331 as Plaintiff asserts claims in violation of a federal statute, specifically EFTA, 15 U.S.C. § 1693, *et seq*.

16.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff's claims are founded on a claim or right arising under the laws of the United States.

17.     Under 28 U.S.C. § 1331, removal is appropriate if the district court has original jurisdiction founded on a claim or right arising under the laws of the United States and the action shall be removable without regard to the citizenship or residence of the parties.

18.     Plaintiff alleges Orrstown violated EFTA.  *See generally* Exhibit A, Complaint, Cause of Action One.

19.     This Court has jurisdiction over all claims brought under this federal statute and, as such, federal question jurisdiction exists under 28 U.S.C. § 1331.

20.     Accordingly, this action is one over which this District Court has subject matter jurisdiction over the entire case pursuant to 28 U.S.C. §§ 1331 and 1441.

## REMOVAL TO THE
## MIDDLE DISTRICT OF PENNSYLVANIA IS PROPER

21.     Under 28 U.S.C. § 1441(a), the United States District Court for the Middle District of Pennsylvania is the proper venue for removal of jurisdiction because it embraces the place where this action remains pending.

## NOTICE TO STATE COURT AND PLAINTIFF

22.    The Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See* 28 U.S.C. § 1446(a).

23.    Counsel for Orrstown certifies, pursuant to 28 U.S.C. § 1446(d), that copies of this Notice of Removal will be filed with the Court of Common Pleas of Dauphin County, Pennsylvania, and served promptly upon Plaintiff. A true and correct copy of Orrstown's Notice of Filing of Notice of Removal (without exhibits) is attached hereto as Exhibit C.

24.    By filing this notice of removal, Orrstown does not waive any defense that may be available to it, including, but not limited to, the right to contest *in personam* jurisdiction, incomplete process, improper service of process, and/or improper venue, in this Court or in the court from which this action has been removed.

5

**WHEREFORE**, Defendant Orrstown Bank hereby removes the case now pending in the Court of Common Pleas of Dauphin County, Pennsylvania, Docket No. 2025-CV-01941, to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1441.

Dated: April 14, 2025                Respectfully submitted,

                                     /s/ Thomas F. Burke
                                     Thomas F. Burke, Esquire
                                     burket@ballardspahr.com
                                     **BALLARD SPAHR LLP**
                                     1735 Market Street, 51st Floor
                                     Philadelphia, PA 19103-7599
                                     T: 215.665.8500
                                     F: 215.864.8999

                                     *Counsel for Defendant*
                                     *Orrstown Bank*